UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLENN WAYNE GILMAN, JR., ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v.  ) | Cause No. 2:19-CV-315-HAB |
|  ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
|  ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Brief in Support of his Motion to Reverse the Decision of the Commissioner of Social Security (ECF No. 15). Defendant Andrew M. Saul, Commissioner of Social Security (the "Commissioner") has responded (ECF No. 16), and Plaintiff has replied (ECF No. 19). This matter is now ripe for review.

**A.     Procedural History**

On June 4, 2015, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also filed a Title XVI application for supplemental security income the same day. In both applications, Plaintiff alleged a disability onset date of December 15, 2011. The claims were denied initially and upon reconsideration. Plaintiff requested a hearing and, consistent with his request, a video hearing was held on October 12, 2017. Following the hearing, Plaintiff amended the date of onset to June 4, 2014.

On December 8, 2017, Administrative Law Judge Michelle Whetsel issued her Decision finding that Plaintiff was not disabled. (R. 140–50) (the "Decision"). Thereafter, Plaintiff requested review by the Appeals Council. On June 20, 2019, the Appeals Council issued its Decision (R. 5–10). The Appeals Council largely adopted the ALJ's Decision, but found that

Plaintiff was disabled as of April 24, 2017, due to his cirrhosis of the liver. Having exhausted his administrative remedies, Plaintiff filed his Complaint (ECF No. 1) on August 20, 2019.

**B.     Legal Analysis**

**1.     *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court.[1] This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the

---

[1] Plaintiff's opening brief asserts that, in addition to the Decision, he is also challenging "the Appeals Council decision on his supplemental security income benefits claim from June 4, 2014[,] through April 24, 2017." (ECF No. 15 at 2). However, no argument is made regarding the Appeals Council's decision, and the Court deems any such arguments waived.

record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.** *The ALJ's Decision*

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively

disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 4, 2014. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes; peripheral neuropathy; obesity; cirrhosis of the liver; hypertension; high cholesterol; and alcohol abuse and adjustment disorder with depressed mood.

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (R. 143). The ALJ specifically considered listings 5.05, 11.14, and Social Security Rulings 02-1p and 14-2p. It was further determined that Plaintiff's mental impairments did not meet the criteria of listings 12.04 or 12.06.

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; the claimant can occasionally, balance, stoop, kneel, crouch and crawl. He should avoid concentrated exposure to moving machinery, unprotected heights and wet slippery surfaces; the claimant can occasionally push/pull and operate foot controls bilaterally; the claimant can remember and follow simple but not detailed instructions; perform the tasks assigned, but not always at a production rate pace; he can however, meet the end of day work goals; the claimant can occasionally adapt to rapid changes in the workplace and must use a cane to balance and ambulate.

(R. 144) (all sic). Based on this RFC, the ALJ concluded that Plaintiff was not able to perform any past relevant work. However, she went on to find that Plaintiff could perform jobs that exist in significant numbers in the national economy and, therefore, that Plaintiff was not disabled.

4

**3.    *The ALJ Erred in Relying on Testimony from the Vocational Expert that Conflicted with Information Provided in the DOT***

Plaintiff makes several arguments in his briefing, but the Court finds one dispositive. Plaintiff's final argument claims that the vocational expert's testimony was inconsistent with both the RFC and the Dictionary of Occupational Titles ("DOT"), and therefore the ALJ erred when she relied upon that testimony. The Court agrees, and further finds that the conflict between the VE's testimony and the DOT was obvious enough that the ALJ should have identified the inconsistency without help from Plaintiff.

"[A]n ALJ has an 'affirmative responsibility' to ask whether a vocational expert's evidence 'conflicts with information provided in the DOT' before relying on that evidence to support a determination of nondisability." *Overman v. Astrue*, 546 F.3d 456, 462–63 (7th Cir. 2008) (quoting SSR 00–4p at 4); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007); *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006). The ALJ performed the first part of her responsibility when she asked the VE if his testimony was consistent with the DOT. (R. 79). The VE answered yes but, as all parties now agree, that answer was incorrect.

As part of her many hypotheticals to the VE, the ALJ asked the VE to assume that the individual in question could "remember and follow simple, but not detailed, instructions." (R. 76). After considering this hypothetical, the VE testified that the individual could perform three jobs: clerk/cashier, addressing clerk, and document clerk. (R. 77). The parties agree that all three of these jobs are categorized as Reasoning Level 2 under the DOT. Such jobs require the employee to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions. *Dictionary of Occupational Titles*, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (January 1, 2016) (emphasis added). It is undisputed that the ALJ's hypothetical, which expressly stated that Plaintiff could follow "simple, but not detailed"

5

instructions is inconsistent with the VE's testimony that Plaintiff could perform jobs that required him to follow detailed instructions.

The Commissioner responds by noting, correctly, that since Plaintiff did not raise the conflict at the hearing this Court can only reverse the ALJ's determination if it concludes that the conflict was "obvious enough that the ALJ should have picked up on it without any assistance." (ECF No. 16 at 13) (quoting *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009)). The Commissioner then cites several cases where conflicts were not found to be so apparent.

The problem with the Commissioner's argument is that conflicts don't get more apparent than in this case. The ALJ's hypothetical asked the VE for jobs that would not require Plaintiff to follow detailed instructions, but all the proposed vocations required Plaintiff to follow detailed instructions. This conflict is apparent as the conflicts between yes and no, up and down, Pepsi and Coke. Indeed, if an ALJ cannot be expected to spot the difference between "detailed" and "not detailed" without assistance, then the Court struggles to imagine any scenario where a VE's testimony could be incorrect enough to support remand.

What the Court is left with, then, is a finding of non-disability based on a list of jobs that Plaintiff undisputedly cannot perform. This is the very definition of error. The Court so finds and will remand this matter for further proceedings.

**C.     Conclusion**

For the foregoing reasons, the Decision is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on January 7, 2021.

                               s/ *Holly A. Brady*
                               JUDGE HOLLY A. BRADY
                               UNITED STATES DISTRICT COURT